UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENITTA SHAW, | ) |
| | ) |
| Plaintiff, | ) Case: 1:23-cv-03784 |
| | ) |
| v. | ) |
| | ) |
| FORD MOTOR CO. d/b/a | ) |
| FORD MOTOR CO. CHICAGO | ) Jury Trial Demanded |
| STAMPING PLANT, | ) |
| | ) |
| Defendant. | |

# COMPLAINT

Plaintiff, Benitta Shaw ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ford Motor Co. d/b/a Ford Motor Co. Chicago Stamping Plant ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") seeking redress for Defendants sex-based discrimination, and retaliation under Title VII.

2. This lawsuit also arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and Defendant's retaliation for Plaintiff requesting/utilizing their FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in

this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent have been fulfilled or been complied with.

6. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Benitta Shaw resided in Will County, Illinois.

10. At all times material to the allegations in this Complaint, Defendant, Ford Motor Company d/b/a Ford Motor Co. Chicago Stamping Plant was a corporation doing business in and for Cook County, Illinois, whose address is 12429 South Burley Avenue, Chicago, IL 60633.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

12. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

14. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§

2611(4).

## **BACKGROUND FACTS**

15. Plaintiff worked for Defendant as an assembly line worker from on or around August 17, 2019 until her unlawful termination on or around October 21, 2020.

16. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of her employment.

17. Plaintiff was qualified for her position and was known to develop, meet, and exceed performance standards for Plaintiff's job title.

18. Plaintiff received satisfactory feedback from Defendant about her work performance.

19. Since at least June 2020 through October 21, 2020, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class and has been subjected to a hostile work environment on the basis of sex (pregnancy), violating Title VII.

20. Plaintiff is female and pregnant and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

21. In or around June 2020, Plaintiff informed Defendant that she was pregnant, a serious medical condition.

22. Plaintiff was sent home from work by her supervisor, Ya (LNU) on or around September 9, 2020 when she was at 38 weeks.

23. Plaintiff engaged in protected activity and underwent the process to receive maternity leave for her pregnancy under the Family Medical Leave Act (FMLA).

24. Plaintiff's doctor faxed over the FMLA documentation to Defendant within that same week.

25. Plaintiff's doctor received confirmation via fax that Defendant received the FMLA documentation.

26. Once they were received by Defendant, Plaintiff filled out the necessary paperwork to receive maternity leave for her pregnancy and provided it to Defendant, before September 17, 2020.

27. Plaintiff received a confirmation email from Defendant's medical department upon receipt of the paperwork for maternity leave on or around September 17, 2020.

28. Plaintiff's request for FMLA leave was approved by Defendant at this time.

29. Plaintiff was admitted to the hospital to have her baby on or around September 24, 2020.

30. Plaintiff had her baby on September 26, 2020.

31. Ultimately, on or around October 21, 2020, Plaintiff was terminated.

32. Defendant did not give Plaintiff a reason for why she was terminated.

33. Other similarly situated employees outside of Plaintiff's protected class (non-female, non-pregnant individuals) were not subject to the same discrimination and retaliation on account of sex (pregnancy).

34. Plaintiff, distraught over suddenly being terminated and anxious of how she would support her new family, contacted her union representative, Rita (LNU).

35. Plaintiff asked Rita why she was terminated by Defendant, and she was informed by Rita that Plaintiff was terminated for a "three-day quit."

36. Rita also informed Plaintiff that she was terminated because Defendant, "never

received an[] email notice from [her] before or after [her] delivery."

37. Defendant interfered with Plaintiff's FMLA rights by retroactively withdrawing the prior approval for Plaintiff's maternity leave.

38. Plaintiff's emotional distress and shock of the situation was only exacerbated upon learning this from a third-party, rather than directly from Defendant.

39. Plaintiff then re-sent both her doctor's confirmation fax and her confirmation email directly from Defendant upon receipt of the FMLA paperwork to Defendant.

40. Plaintiff's termination, issued without reason to her, was clearly pre-textual for discrimination on the basis of her sex, female and her pregnancy and in clear violation of her FMLA rights.

41. Plaintiff exercised her protected rights under Title VII and the FMLA when she complied with procedure to apply and receive maternity leave for her pregnancy.

42. As such, she was protected against retaliation by Defendant under Title VII and the FMLA.

43. Despite this, Plaintiff was unlawfully terminated because of her sex, (pregnancy) in retaliation for taking FMLA maternity leave.

44. Plaintiff was targeted for termination because of her sex and pregnancy.

45. Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

46. There is a basis for employer liability for the sex-based and pregnancy-based discrimination that Plaintiff was subjected to.

47. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claims- because Plaintiff engaged in protected activity to receive

FMLA maternity leave.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Pregnancy-Based Discrimination)

48. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

49. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

50. Plaintiff met or exceeded performance expectations.

51. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

52. Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

53. Plaintiff is a member of a protected class under Title VII, due to Plaintiff's sex.

54. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

55. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

56. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

57. Plaintiff is a member of a protected class under 42 U.S.C. §2000e, *et seq*.

58. During Plaintiff's employment, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964,

as amended, Pregnancy Discrimination Act of 1978, as amended, 42 U.S.C. §2000e, *et seq.*

59. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sex discrimination and/or harassment.

60. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

61. Plaintiff suffered adverse employment action in retaliation for engaging in a protected activity.

62. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's reporting the sex-based discrimination and/or harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

63. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

64. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT III
### Violation of the Family and Medical Leave Act
### (FMLA Interference - Unlawfully Denial of FMLA Rights)

73. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

74. On August 17, 2020, Plaintiff was eligible for FMLA leave.

75. At all times material, Plaintiff gave proper notice to her employer by informing them of the pregnancy, which required Plaintiff to take maternity leave and other protected leave.

76. Defendant controlled Plaintiff's work schedule and conditions of employment.

77. Plaintiff provided enough information for her employer to know that Plaintiff's leave was covered by the FMLA.

78. Despite Defendant's knowledge of Plaintiff's pregnancy, Defendant failed to comply with their own procedure, and that of the FMLA, in retroactively denying Plaintiff's FMLA maternity leave.

79. When Defendant failed to grant Plaintiff her FMLA maternity leave despite prior approval and Plaintiff's compliance with procedure in submitting the correct documentation, the Defendant interfered with Plaintiff's rights under the FMLA.

80. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of her FMLA rights.

81. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

82. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

83. Plaintiff repeats and re-alleges paragraphs 1-47 as if fully stated herein.

84. Defendant terminated Plaintiff after Plaintiff provided notice of a request for medical maternity leave, which constitutes a request for taking FMLA leave.

85. Defendant terminated Plaintiff because she requested and took FMLA leave as described above.

86. Specifically, Plaintiff requested FMLA leave when she and her doctor submitted the correct FMLA documentation to Defendant for maternity leave.

87. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons (pregnancy).

88. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

89. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Compensatory and punitive damages;

    d. Reasonable attorneys' fees and costs;

    e. Award pre-judgment interest if applicable; and

    f. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of June, 2023.

/s/ *Nathan C. Volheim, Esq.*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Counsel for Plaintiff*